UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
YONEL CHRISTOPHER JEAN
CHARLES,

                Plaintiff,           **MEMORANDUM AND ORDER**

  -against-           13-CV-03432 (FB)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                   *For the Defendant:*
HERBERT S. FORSMITH, ESQ.         LORETTA E. LYNCH, ESQ.
26 Broadway, 17th Floor               United States Attorney
New York, NY 10004                    JASON P. PECK, ESQ.
                                                        Assistant United States Attorney
                                                        Eastern District of New York
                                                        271 Cadman Plaza East
                                                        Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Yonel Christopher Jean Charles successfully contested the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act. *See Charles v. Colvin*, No. 13-CV-03432 (FB), 2014 WL 4425796 (E.D.N.Y. Sept. 10, 2014). His counsel, Herbert S. Forsmith ("Forsmith"), now petitions the Court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). The Commissioner opposes the motion,

arguing that Forsmith's application is untimely and not subject to equitable tolling. For the reasons that follow, the Court agrees with the Commissioner and denies Forsmith's motion.

**I.**

The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A judgment becomes "final" for EAJA purposes when it is "not appealable." *Id.* at § 2412(d)(2)(G). In a civil case in which the United States is a party, the right to appeal lapses 60 days after entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). Accordingly, an application for fees under the EAJA must be filed within 90 days of the entry of judgment. *See Misciagno v. Sec'y of Dep't of Health & Human Servs.*, 786 F. Supp. 1120, 1122 (E.D.N.Y. 1992) ("[T]he successful plaintiff's attorney has ninety days to seek fees after the district court enters a sentence four remand.").

While the Supreme Court has declined to decide whether the doctrine of equitable tolling applies to untimely filed EAJA fee applications, *Scarborough v. Principi*, 541 U.S. 401, 421 n.8 (2004), courts in the Second Circuit routinely apply the doctrine of equitable tolling to EAJA fee applications. *See, e.g., Aziz v. Attorney Gen. of U.S.*, No. 13-CV-3021, 2013 WL 4039373, at *2 (E.D.N.Y. Aug. 7, 2013) (holding

that the doctrine of equitable tolling is applicable to untimely filed EAJA fee applications); *Steele ex rel. M.D. v. Astrue*, No. 5:09-CV-347, 2012 WL 4093116, at *1 (N.D.N.Y. Sept. 17, 2012) (same). A litigant seeking to apply the doctrine of equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). "As a general matter, [the Second Circuit] set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).

Here, Forsmith concedes that his application is untimely since it was filed 21 days after the 90-day EAJA filing period expired. However, he has alleged no facts that would warrant the application of equitable tolling, stating only that "[d]ue to press of business and procedural oversight, my request for an EAJA fee for my work on this case is outside the normal time frame. . . . I will take the necessary steps to insure that this error is not repeated." *See* Affidavit of Herbert S. Forsmith, Docket Entry 18-1 (Dec. 30, 2014), ¶ 2.

This explanation is unavailing. It is well-settled that "a garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland v. Florida*, 560 U.S.

3

631, 651-52 (2010) (internal quotation marks and citation omitted). Indeed, the Second Circuit has consistently held that equitable tolling is inapplicable to cases of ordinary attorney neglect. *See, e.g., Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002) ("[A] want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll."); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) ("[A] plaintiff's failure to act diligently is not a reason to invoke equitable tolling.").

Here, Forsmith alleges nothing more than ordinary attorney neglect, and so the Court has no basis for tolling the statutory deadline. His motion for attorneys' fees under the EAJA must therefore be denied as untimely.

## II.

For the foregoing reasons, Forsmith's motion is denied.

**SO ORDERED.**

/s/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 29, 2015